UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUIS MUNOZ-ANTEMATE, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 1:16-cv-02861-WTL-DML ) |
| SUPERINTENDENT New Castle Correctional Facility, | ) ) ) ) |
| Respondent. | ) |

**Entry Granting Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Luis Munoz-Antemate, for a writ of habeas corpus challenges a prison disciplinary proceeding, NCF 16-05-0051, in which he was found guilty of possessing a controlled substance. For the reasons explained in this entry, Mr. Munoz-Antemate's habeas petition must be **GRANTED.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On May 4, 2016, Chief of Security R. Davis wrote a Report of Conduct in case NCF 16-05-0051 charging Mr. Munoz-Antemate with possession of a controlled substance. The Report of Conduct states:

> On 5/4/16 at approximately 0940 hours, I, Chief of Security R. Davis, searched a property box beside bunk I1-218. Offender Luis Munoz-Antemate #256585 claimed ownership of the property box. I found an empty aspirin bottle that contained a brown powdery substance. The substance was tested by Internal Affairs and was confirmed as being 22 grams of methamphetamine. Offender Antemate was advised by me that he would be receiving a conduct report for possession of a controlled substance.

Dkt. 13-2.

On May 6, 2016, Mr. Munoz-Antemate was notified of the charge of possession of a controlled substance and served with the Report of Conduct (Exhibit A) and the Notice of Disciplinary Hearing "Screening Report." Mr. Munoz-Antemate was notified of his rights but refused to participate in the remainder of the screening process. Dkt. 13-3. Mr. Munoz-Antemate was assigned a lay advocate, who was present at his hearing.

The hearing officer conducted a disciplinary hearing in NCF 16-05-0051 on May 9, 2016, and found Mr. Munoz-Antemate guilty of the charge of possession of a controlled substance. Dkt. 13-1. Mr. Munoz-Antemate's statement at the hearing was that the substance "was popsicle stick powder. I do not know why it tested positive. It was in my box but it was not drugs." In making this determination, the hearing officer considered the offender's statements, staff reports, and the photographic evidence. Dkt. 13-4. The hearing officer imposed the following sanctions: time served in disciplinary segregation, 30 days lost commissary and phone privileges, a 90 day deprivation of earned credit time, and a demotion from credit class B to credit class C. *Id*. The

hearing officer imposed these sanctions because of the seriousness and nature of the offense and the degree to which the violation disrupted and endangered the security of the facility.

Mr. Munoz-Antemate's appeals were denied.

### III. Analysis

Mr. Munoz-Antemate argues that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) he did not understand his rights because there was no translator; and 2) he was not given evidence of the test performed on the substance.

Mr. Munoz-Antemate first argues that he did not understand his rights because he was not given a Spanish translator. Statements in the record from the Screening Officer and the hearing officer indicate that Mr. Munoz-Antemate spoke in English while being screened and during the hearing and that Mr. Munoz-Antemate also had a lay advocate. The Court will not rule on this issue, however, because the second issue is meritorious and renders the first issue moot.

Mr. Munoz-Antemate's second claim is that he was never given a copy of the test that was allegedly performed on the substance. He insists that the substance was sawdust. The Court has reviewed the evidence to which the respondent cites in support of the finding that the substance was methamphetamine: the Report of Conduct (dkt. 13-2) and the photograph attached to the Report of Disciplinary Hearing (dkt. 13-4, p. 2). The photograph shows the aspirin bottle, brownish powder in a baggie on a scale showing "22" on the scale, and a document titled "evidence record."

The respondent argues that the Report of Conduct and the photographic evidence "of the drug test," Return, dkt 13-1, p. 7, is sufficient evidence to show that the substance tested positive for methamphetamine. Nowhere in the photograph, however, is a report showing the results of

any test. There is no such report anywhere in the record. While the reporting officer states in the Report of Conduct that a test showed the substance to be methamphetamine, dkt. 13-2, nothing that the hearing officer reviewed supports that statement. Rather, the photograph appears to document that the evidence was confiscated and weighed, but no test was performed.

The Seventh Circuit has observed that "[a]dministrative decisions resting on chemical analysis typically require both the test results and a chain of custody linking those results to the particular prisoner." *Ellison v. Zatecky*, 820 F.3d 271, 275 (7th Cir. 2016); *see Webb,* 224 F.3d at 652 (concluding that the "toxicology report and the chain of custody slip constitute 'some evidence' supporting the decision"). In *Ellison*, the Seventh Circuit went on to observe that, in the absence of such evidence, testimony from an officer "that, based on his training and experience, he recognized the substance" as the drug at issue may suffice. 820 F.3d at 275. A chain of custody slip that confirms the collection of the sample, its labeling and sealing, its transmission to the laboratory, and the receipt by the laboratory is enough to create a link between the results and the prisoner. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Here, the record lacks any test results or testimony from the reporting officer that the substance was recognized as methamphetamine.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison,* 820 F.3d at 274. Although the "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance," *see Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002), the charge in this case that that the substance was, in fact, methamphetamine instead of sawdust, is not supported in this record.

There was not sufficient evidence in the record to support the finding of guilt. Under these circumstances, Mr. Munoz-Antemate's due process rights were violated.

### IV. Conclusion

Accordingly, Mr. Munoz-Antemate's petition for a writ of habeas corpus must be **granted.**

The sanctions imposed in NCF 16-05-0051 must be **vacated and restored** as promptly as possible. His new release date shall also be calculated. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T. Lawrence_

Date: 10/18/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

LUIS MUNOZ-ANTEMATE
256585
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362